UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-154-GHK (JWJx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | U.S. Bank National Association, as Trustee for UBS, etc v. Luisa Orellana | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**   **(In Chambers) Order to Show Cause**

On October 30, 2008, Plaintiff U.S. Bank National Association ("Plaintiff") filed the above-captioned Complaint in California State Court. On January 8, 2008, Defendant Luisa Orellana ("Defendant") filed a Notice of Removal in this Court. The Notice of Removal alleges that we have both federal question and diversity of citizenship jurisdiction over this case.  However, the Notice of Removal fails to allege any specific federal law which would provide us federal question jurisdiction. Moreover, the Notice of Removal also does not provide Plaintiff's citizenship for the purposes of determining whether we have diversity jurisdiction over the case.  It also appears from the face of the Complaint that the amount at controversy does not exceed $75,000.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**I.   Federal Question Jurisdiction**

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation omitted).  Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim" and "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynergy, Inc.*, 367 F.3d at 838 (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-154-GHK (JWJx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *U.S. Bank National Association, as Trustee for UBS, etc v. Luisa Orellana* | | |

**II.     Diversity Citizenship**

When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

A.     Corporate Citizenship

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, "[t]he 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* at 1092. Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 500. The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-154-GHK (JWJx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *U.S. Bank National Association, as Trustee for UBS, etc v. Luisa Orellana* | | |

not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

In order to properly determine corporate citizenship, we require Plaintiff to provide us with information as to where Defendant is incorporated and where Defendant's principal place of business is.

B.   Individual Citizenship

Individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). Domicile is not merely someone's state of residence. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986). Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In order to properly determine individual citizenship and whether diversity jurisdiction exists, we require information as to the place of domicile for each party who is a natural person.

**III.   Potential Procedural Defect in Removal and Plaintiff's Right to File Motion for Remand**

Removal must be effected "within thirty days after receipt by the defendant . . . of a copy of the initial pleading," or, "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

It is apparent from Exhibit A to the Notice of Removal that this case was not removed within thirty days of Defendant being served with the Complaint. If the case stated by the initial pleading was removable, or if the paper from which it could first be ascertained that the case was removable was received by Defendant more than thirty days prior to removal, the Notice of Removal would be procedurally, though not jurisdictionally, defective.

In *Kelton Arms Condominium Owners Ass'n., Inc. v. Homestead Insurance Co.*, 346 F.3d 1190 (9th Cir. 2003), the Ninth Circuit held that a district court does not have authority to remand a case *sua sponte* for a non-jurisdictional procedural defect under 28 U.S.C. § 1447(c). *Id.* at 1193. "[P]rocedural requirements exist primarily for the protection of the parties." *Id.* at 1192. A plaintiff may waive the procedural requirements in section 1446(a) if the plaintiff wishes "to remain in federal court even though he or she originally filed in state court." *Id.*

In the event that Plaintiff wishes to preserve the right to object based upon any procedural defects in the Notice of Removal, Plaintiff **MUST** do so by filing an appropriate motion for remand on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-154-GHK (JWJx) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *U.S. Bank National Association, as Trustee for UBS, etc v. Luisa Orellana* | | |

or before February 8, 2009.  *See* 28 U.S.C. § 1447(c).  The meet and confer requirement of Local Rule 7-3 is waived for this potential motion only.

**IV.    Order**

The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Here, the Notice of Removal is insufficient to do so because Defendant has not stated the basis for any federal question or diversity jurisdiction.  Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN FOURTEEN (14) DAYS**, as to why this matter should not be remanded because this court lacks subject matter jurisdiction.

Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                                    :

                                                Initials of Deputy Clerk     IR for Bea